D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| HIMANSHU SHARMA, on behalf of himself and others similarly situated, | CASE NO. |
| Plaintiff, | COMPLAINT |
| v. | FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION |
| TRIBECA RESTAURANT LLC d/b/a BENARES, BENARES INDIAN RESTAURANT LLC d/b/a BENARES, SJG FOODS LLC d/b/a BENARES, AANGAN INDIAN RESTAURANT INC. d/b/a AANGAN, RANJIT K. SINGH, and INDER SINGH a/k/a NITU SINGH, | DEMAND FOR JURY TRIAL |
| Defendants. | |

-----------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Tribeca Restaurant LLC is a New York corporation that operates a restaurant called Benares located at 45 Murray St. in Manhattan. ("Benares Tribeca").

4.      Defendant Benares Indian Restaurant LLC is a New York corporation that operates a restaurant called Benares located at 240 West 56th Street in Manhattan ("Benares Midtown").

5.      Aangan Indian Restaurant Inc. (collectively with Benares Tribeca and Benares Midtwon, the "Corporate Defendants") is a New York corporation that operates a restaurant called Aangan located at 2701 Broadway in Manhattan.

6.      Benares Tribeca, Benares Midtown and Aangan are referred to collectively herein as the "Restaurants."

7.      Upon information and belief, each of the Restaurants has an annual gross volume of sales in excess of $500,000.

8.      The Corporate Defendants are part of a single integrated enterprise that jointly employed Plaintiff and those similarly situated at all relevant times.  The corporate Defendants are owned and their operations are conducted by Defendants Ranjit K. Singh and Inder Singh, and they are all subject to the same general management and payroll practices described herein.

9.      The Corporate Defendants have the same business purpose: operating upscale Indian restaurants.

10.     The Restaurants share employees. For example, while Plaintiff worked at Benares Tribeca, employees from Benares Midtown and Aangan sometimes worked shifts with him at Benares Tribeca.

11.     All of the Restaurants' liquor licenses identify the same principal: Ranjit K. Singh.

12.     Benares Tribeca and Benares Midtown share the same menu and website: http://benaresnyc.com. The "About" section of the website states that Defendant Inder Singh opened Aangan in approximately 2008 and that "he continues to oversee all his restaurants improving on his remarkable 29 year run."

13.     Upon information and belief, all of the Restaurants have centralized control of labor relations, as evidenced by their common payroll practices. For example, as set forth in more detail below, the Restaurants pay service employees a flat per shift pay rate rather than paying them an hourly wage.

14.     Defendants Inder Singh and Ranjit Singh have and exercise sufficient control over the Corporate Defendants' day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

15.     Defendant Inder Singh is regularly present at the Restaurants. For example, during the time Plaintiff has worked for Defendants, Defendant regularly came to Benares Tribeca approximately five times per week.

16.     Upon information and belief, both Defendants Inder Singh and Ranjit Singh manage the Restaurants' financials.

17.     As owners of the Restaurants, Defendants Inder Singh and Ranjit Singh have and exercise the power to hire and fire the Restaurants' employees. For example, on different

3

occasions, Plaintiff witnessed Defendant Inder Singh instruct a manager to hire and fire employees.

18. As owners of the Restaurants, Defendants Inder Singh and Ranjit Singh have and exercise the authority over employees' pay. For example, on some occasions during Plaintiff's employment, Defendant Inder Singh paid him his weekly wages.

19. As owners of the Restaurants, have and exercises the authority to direct and supervise the work of the Restaurants' employees.

20. For example, at certain points during Plaintiff's employment at the Restaurants, Inder Singh would lead pre-shift meetings during which he would give instructions to waitstaff employees.

21. Upon information and belief, Defendants Inder Singh and Ranjit Singh were involved in creating the payroll policies that are the subject of this lawsuit.

22. To the extent that employment records are kept for employees, Defendant Singh is involved in maintaining those records.

23. Plaintiff Sharma was employed by Defendants as a server at Benares Tribeca from approximately August 2014 until May 2017.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

25. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

26. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

27. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

28. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

29. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than sixty (60) members of the Class.

30. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all minimum wage, overtime, call-in pay due, misappropriating Class members' tips, and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

6

unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

   c) The policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

   d) Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all hours worked.

   e) Whether Defendants paid Plaintiff and the Class Members New York's "spread of hours" premium.

   f) Whether Defendants gave Plaintiff and the Class members the wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

   g) Whether Defendants required Plaintiff and the Class members to share gratuities with tip-ineligible employees, such as management employees.

## FACTS

35. Plaintiff's consent to sue form is attached hereto as Exhibit A.

36. Plaintiff worked for Defendants at Benares Tribeca as a server.

37. Plaintiff typically worked six (6) lunch shifts and four (4) dinner shifts each week.

38. Lunch shifts typically lasted from 10:15 a.m. until 3 p.m.

8

39. Dinner shifts typically lasted from 5 p.m. until closing which was usually after 11 p.m.

40. Thus, Plaintiff generally worked more than 50 hours each week.

41. Defendants do not have any records of the actual time that Plaintiff worked.

42. When Plaintiff first started working for Defendants, he was paid a flat rate of $20 per shift worked.

43. From approximately early 2016 until the present, Defendants paid Plaintiff a flat rate of $25 per shift worked.

44. Defendants did not pay Plaintiff an overtime premium for hours worked in excess of 40 per week.

45. Instead, they paid him a flat rate of $20 or $25 for every shift he worked.

46. Defendants did not pay Plaintiff any "spread of hours" premium for days on which Plaintiff's workday lasted longer than 10 hours,

47. Upon information and belief, all of the Restaurants paid Class Members shift pay that was below the minimum wage. Employees who worked shifts at Benares Midtown and Aangan told Plaintiff that they were paid flat rate amounts of first $20 and later $25 for shifts lasting more than five (5) hours.

48. Defendants required Plaintiff and other servers to share their tips with managers, such as Dipen Rawal.

49. Mr. Rawal had and exercised the authority to hire, fire, discipline and schedule employees at Benares Tribeca.

50. Defendants never did not give Plaintiff the written wage notices required by N.Y. Lab. Law § 195 and/or N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

51.     Plaintiff was not given accurate wage statements with his pay. For example, the wage statements he was issued did not state any amount of hours worked as required under New York Law.

52.     Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Claims, 29 U.S.C. § 201,** *et seq.***,**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

53.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

54.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

55.     Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

56.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**FLSA Overtime Violations, 29 U.S.C. § 207**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

57.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58.   At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

59.   Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

60.   At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

61.   Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
(Brought by Plaintiff on Behalf of Himself and the Class)**

62.   Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

63.   Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

64. Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

65. Defendants' failure to pay Plaintiff and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

66. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

67. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

68. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

69. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

70. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### (Brought by Plaintiff on Behalf of Himself and the Class)

71.  Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

72.  Defendants did not provide Plaintiff and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

73.  As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SIXTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
### (Brought by Plaintiff on Behalf of Himself and the Class)

74.  Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

75.  Defendants retained gratuities paid by their customers and illegally required Class Members to share gratuities with managerial employees and non-service employees.

76.  Plaintiff, on behalf of himself and members of the Class, seeks damages in the amount of their respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SEVENTH CLAIM FOR RELIEF
### New York Spread of Hours Violations,
### N.Y. Lab. L. § 650 *et seq.*,
### and N.Y. Comp. Code R. &Regs. tit. 12, § 146-1.6
### (Brought by Plaintiff on Behalf of Himself and the Class)

77. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

78. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

79. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

80. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D.  Designation of this action as a class action pursuant to F.R.C.P. 23.

E.  Designation of Plaintiff as Representative of the Class.

F.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.  Penalties available under applicable laws;

H.  Costs of action incurred herein, including expert fees;

I.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J.  Pre-judgment and post-judgment interest, as provided by law; and

K.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        August 23, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
    D. Maimon Kirschenbaum
    Josef Nussbaum
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **BENARES RESTAURANT** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

*Himanshu Sharma*
Full Legal Name (Print)

*Himanshu* (signature)
Signature

08/4/17
Date