UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

HIMANSHU SHARMA, SHIVRAJ JOSHI,
UDDIN KAZI MOHAMMAD, RAY BIDYUTH,
SONYA MESSAILI, and TEKRAJ CHUDAL,
on behalf of themselves and others similarly
situated

                Plaintiffs,

-v-

TRIBECA RESTAURANT LLC d/b/a
BENARES, BENARES INDIAN
RESTAURANT LLC d/b/a BENARES, SJG
FOODS LLC d/b/a BENARES, AANGAN
INDIAN RESTAURANT INC. d/b/a AANGAN,
RANJIT K. SINGH, and INDER SINGH a/k/a
NITU SINGH,

                Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 27, 2018

17-cv-6413 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

Currently pending before the Court are four separate accepted offers of judgment. (ECF Nos. 59, 60, 62, 63.) For the reasons stated below, the Court hereby APPROVES each accepted offer.

I.    BACKGROUND

On August 28, 2017, Himanshu Sharma ("Sharma") commenced this collective action against Tribeca Restaurant LLC ("Tribeca"), Benares Indian Restaurant LLC ("Benares"), SJG Foods LLC ("SJG"), Aangan Indian Restaurant Inc. ("Aangan"), Ranjit K. Singh ("Ranjit"), and Inder Singh ("Inder") (collectively, "defendants") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 190 et seq. and § 650 et seq. (See generally Compl., ECF No. 1.) Subsequently, on November 13, 2017, Sharma

filed an Amended Complaint containing substantially the same allegations but including five new plaintiffs: Shivraj Joshi ("Joshi"), Uddin Kazi Mohammad ("Mohammad"), Ray Bidyuth ("Bidyuth"), Sonya Messaili ("Messaili"), and Tekraj Chudal ("Chudal") (together with Sharma, "plaintiffs").[1]  (See generally Amend. Compl. ("FAC"), ECF No. 25.)

The FAC alleges, in sum, that defendants: (1) failed to pay plaintiffs the requisite minimum hourly rate (See id. ¶¶ 59-62, 68-72); (2) failed to pay plaintiffs the statutorily required overtime compensation (id. ¶¶ 63-67, 73-76); (3) failed to provide plaintiffs with the required notices/wage statements (id. ¶¶ 77-79); (4) illegally retained gratuities owing to plaintiffs (id. ¶¶ 80-82); and (5) violated the "spread of hours" wage order of the New York Commissioner of Labor (id. ¶¶ 83-86).

Defendants answered the FAC on November 30, 2017 (ECF No. 28), and amended that answer on December 8, 2017 (ECF No. 30).  On December 18, 2017, the parties attended a settlement conference before Magistrate Judge Henry Pitman.  (ECF No. 33.)  The settlement conference was unsuccessful, and the parties proceeded with discovery and issuance of a notice of pendency.  (See ECF Nos. 34-35, 39.)

---

[1] On December 13, 2017, plaintiffs' counsel filed a "Consent to Join" letter on behalf of putative plaintiff Augustine Gomes ("Gomes").  (ECF No. 31.)  In response, the Court notified the parties that because plaintiffs' counsel had not sought leave to certify a 216(b) class or amend the complaint, Gomes could not be added as party to this action by virtue of a "Consent to Join" letter.  (ECF No. 32.)  The Court additionally noted, however, that if defendants wished to consent to Gomes' joinder, the Court would allow it.  (Id.)  Given that defendants have now made a Rule 68 offer to Gomes, the Court assumes that defendants so consented (even though they did not notify the Court).

On March 8, 2018, the Court received notice that three of the plaintiffs in this action—Mohammad, Chudal, and Messaili—had accepted offers of judgment in the following amounts:

- Mohammad – $39,310;
- Chudal – $17,070; and
- Messaili – $13,070.

(ECF Nos. 40-42.) Subsequently, plaintiffs' counsel made a fairness submission regarding those accepted offers pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (ECF No. 45.) The Court approved all three offers by Memorandum Decision & Order dated March 28, 2018 (ECF No. 48), and judgment was entered May 1, 2018 (ECF No. 54).

Most recently, on June 22, 2018, the Court received notice that the remaining four plaintiffs in this action—Gomes, Sharma, Joshi, and Ray (collectively, the "Accepting Plaintiffs")—had accepted offers of judgment (the "Accepted Offers") in the following amounts:

- Gomes – $75,000;
- Sharma – $121,500;
- Joshi – $70,000; and
- Ray – $50,000.

(ECF Nos. 59, 60, 62, 63.) Subsequently, plaintiffs' counsel made a fairness submission regarding those accepted offers pursuant to Cheeks.

II.     LEGAL PRINCIPLES

    A.  <u>Approval of FLSA Settlements</u>

The FLSA and its case law protects employees from being coerced into settling claims by requiring that a settlement either be supervised by the Secretary of Labor or be made pursuant to a judicially supervised settlement agreement. <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015), <u>cert. denied</u>, 136 S. Ct. 824 (2016). Before the Court enters judgment on a settlement agreement, "the parties must satisfy the Court that their agreement is 'fair and reasonable.'" <u>Santos v. Yellowstone Properties, Inc.</u>, Case No. 15-cv-3986, 2016 WL 2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting <u>Velasquez v. SAFI-G, Inc.</u>, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the totality of the circumstances, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) the possibility of fraud or collusion.

<u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting <u>Medley v. Am. Cancer Soc.</u>, Case No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (other citations omitted)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA

4

noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. (citation omitted).

    B. <u>Amount of Attorney's Fees</u>

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." <u>Anthony v. Franklin First Fin., Ltd.</u>, 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)). Attorney's fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." <u>Sand v. Greenberg</u>, Case No. 08-cv-7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (explaining that "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected"); see also <u>Braunstein v. Eastern Photographic Labs., Inc.</u>, 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose"); <u>Estrella v. P.R. Painting Corp.</u>, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ("The fee provisions contained in the FLSA and the [NYLL] were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (citing cases).

5

Attorney's fees in FLSA settlements are subject to the Court's approval, however.  See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585.  Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed."  Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quoting General Elec. Co. v. Compagnie Euralair, S.A., Case No. 96-cv-0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).

In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.  See Guzman v. Joesons Auto Parts, Case No. 11-cv-4543(ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); see also, Meza v. 317 Amsterdam Corp., No. 14-cv-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."); Silverstein v. AllianceBernstein LP, Case No. 09-cv-5904, 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. Apr. 29, 2013).

In assessing the reasonableness of a proposed attorneys' fee award, the Court considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Stancyzk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (internal citations, quotations, and alterations omitted).  "A reasonable hourly rate is 'the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'"  Costello v. Flatman, Case

6

No. 11-cv-287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) (discussing fees with respect to the Americans with Disabilities Act) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (other citation omitted)). The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. Arbor Hill, 522 F.3d at 190-91.

"Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases." Vasquez v. TGD Grp., Inc., Case No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016); see Agudelo v. E & D LLC, Case No. 12-cv-960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour); Carrasco v. West Village Ritz Corp., Case No. 11-cv-7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012) ("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."); Wong v. Hunda Glass Corp., Case No. 09-cv4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (stating that the reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour") (citations omitted). For paralegals, "courts in this Circuit have generally found $75 to be reasonable." Cuevas v. Ruby Enters. of N.Y., Inc., Case No. 10-cv-5257, 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013).

III.   DISCUSSION

Having considered all the facts and circumstances relevant to the Accepting Plaintiffs' claims, the Court finds the amount of each of the four Accepted Offers to be fair and reasonable.

Based on the allegations in the complaint, each of the Accepting Plaintiffs was able to estimate a "best-case scenario" recovery as follows:

- Gomes – FLSA compensatory damages of approximately $81,284.50, NYLL compensatory damages of approximately $110,936.50, and maximum potential recovery (including penalties) of approximately $231,873.00.

- Sharma – FLSA compensatory damages of approximately $54,439.50, NYLL compensatory damages of approximately $3,447.50, and maximum potential recovery (including penalties) of approximately $175,903.00.

- Joshi – FLSA compensatory damages of approximately $45,486.25, NYLL compensatory damages of approximately $60,402.25, and maximum potential recovery (including penalties) of approximately $130,804.50.

- Ray – FLSA compensatory damages of approximately $34,585.00, NYLL compensatory damages of approximately $43,239.00, and maximum potential recovery (including penalties) of approximately $96,478.00.

(See ECF No. 66 at 2.) Pursuant to the Accepted Offers, the Accepting Plaintiffs will recover the following percentages of their potential compensatory damages (including FLSA and NYLL compensatory damages) and maximum recovery:

- Gomes – Approximately 39% of compensatory damages and approximately 32% of maximum recovery.

- Sharma – Approximately 210% of compensatory damages and approximately 69% of maximum recovery.

- Joshi – Approximately 66% of compensatory damages and approximately 54% of maximum recovery.

- Ray – Approximately 64% of compensatory damages and approximately 52% of maximum recovery.

As is evident from the above-noted percentages, there is wide variation in the relative award for each of the Accepting Plaintiffs. Of particular note, plaintiff Sharma received an offer that awards him substantially more than his best-case scenario combined compensatory damages.[2] That said, the Court has no reason to believe that the proposed settlement here was not the result of arms-length bargaining between the parties. The parties engaged in a settlement conference with Magistrate Judge Pitman on December 18, 2017 (ECF No. 33), and defendants have made multiple offers of judgment to the Accepting Plaintiffs (See ECF No. 66 at 1-2). Both the Accepting Plaintiffs and

---

[2] Plaintiffs' counsel notes in his Cheeks submission that Sharma received a relatively higher offer because of his "credible statements throughout the litigation that he was prepared to go to trial if Defendants offered him any less." (See ECF No. 66 at 2.)

9

defendants are represented by attorneys experienced in wage-and-hour litigation, and the Accepted Offers do allow both parties to avoid certain litigation risks, as well as the need for additional litigation expense. Because the Court concludes that each of the Accepting Plaintiffs' proposed recoveries is substantial, and in light of the inherent risks in proceeding to trial, the Court concludes that the Accepted Offers are fair and reasonable.

Although the proposed award of attorney's fees strikes the Court as somewhat high, the Court does not conclude that the Accepted Offers are "unfair" or "unreasonable" as a result. Here, counsel for the Accepting Plaintiffs has represented that one-third of the aggregate recovery (after costs) will be allocated to Joseph & Kirschenbaum LLP as attorney's fees. (See ECF No. 66 at 3-4.) As previously noted, courts in this Circuit typically approve attorney's fees that range between 30 and 33 1/3 %. See, e.g., Guzman, 2013 WL 2898154, at *4 (collecting cases).

The proposed attorney's fees here fall within range (though they very likely exceed the lodestar amount by a great deal). Further, the retainer agreement adopted by each of the Accepting Plaintiffs clearly states that Joseph & Kirschenbaum LLP is entitled to seek "attorneys' fees equal to one third of any common fund—calculated before the deduction of costs—recovered on behalf of the class." (See ECF Nos. 47-1, 47-2.) The Court is not obligated to accept this arrangement as per se "fair and reasonable" simply because the Accepting Plaintiffs agreed to it, but it does indicate that up to one-third of the

recovery (excluding costs) is a "rate a paying client would be willing to pay" for Joseph & Kirschenbaum LLP's services. See Costello, 2013 WL 1296739, at *4. Because the proposed attorney's fees and costs of one-third are consistent with the amount referenced in the retainer agreement, and because courts in this Circuit have routinely approved attorney's fees of thirty-three percent, the Court concludes that the proposed attorney's fees and costs in this case are fair and reasonable.

IV.  CONCLUSION

For the reasons set forth above, the Court APPROVES the Accepted Offers at ECF Nos. 59, 60, 62, and 63. Counsel for the Accepting Plaintiffs is to receive one-third of the combined recovery (after costs), with a proportionate amount deducted from each of the Accepting Plaintiffs. The Accepting Plaintiffs shall receive the remainder.

The Clerk of Court is directed to enter judgment in accordance with this Memorandum Decision & Order, to close all open motions, and to terminate this action.

SO ORDERED.

Dated:   New York, New York
         July 27, 2018

                                          _____
                                               KATHERINE B. FORREST
                                               United States District Judge